# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL WEBB,
:
    Petitioner,                               Case No. 1:98-cv-766

:        District Judge Susan J. Dlott
    -vs-                                  Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden     :


    Respondent.

_____

### REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY
_____

This capital habeas corpus case is before the Court on Petitioner's Amended Motion for a Certificate of Appealability (Doc. No. 98) which Respondent opposes (Doc. No. 100) and in support of which Petitioner has filed a Reply Memorandum (Doc. No. 101).

**Procedural History in this Court**

Petitioner Michael Webb brought this action to obtain relief from his conviction of sentence of death in the Clermont County, Ohio, Common Pleas Court. In his Second Amended Petition, Webb pled the following fifteen grounds for relief:

    1.    There was pervasive prosecutorial misconduct during the culpability stage of the trial.

1

        A.      Opening statement
        B.      Presentation of Evidence
        C.      Prosecutorial Misconduct during final argument

2. Petitioner received ineffective assistance of counsel during the culpability phase of the trial.

3. The trial court improperly instructed the jury at the culpability phase of the trial. This destroyed any confidence in the jury's verdict.
        A.      The trial court improperly instructed the jury when it explained the definitions of "purpose" and "specific intent."
        B.      The trial court instructions also improperly defined "cause" in a manner that negated the definition of "purpose" and "specific intent." These instructions, although addressed to the issue of causation, negated the *mens rea* requirement for aggravated murder. The causation instructions permitted the jury to convict the Petitioner without finding beyond a reasonable doubt that he acted with the purpose and the specific intent to cause the death of another.

4. There was continued prosecutorial misconduct during the punishment phase of the trial. The prosecutor engaged in misconduct during final argument in the penalty trial . . . .

5. The trial court continued to improperly instruct the jury during the penalty phase of the trial. This destroyed any confidence in the jury's verdict of death.
        A.      The instructions improperly defined proof beyond a reasonable doubt.
        B.      The instruction allowed the jury to consider "bad act" and "bad character" evidence as relevant to punishment despite the fact that the Petitioner never put his character at issue.
        C.      The instructions were inaccurate and misleading in a way that improperly diminished the jury's sense of responsibility in sentencing by stating that even if the jury

        recommends that the death penalty be imposed, the recommendation is just that, and it is not binding on the Court. "<u>The final decision</u> as to whether the death penalty should be imposed upon the defendant <u>rests on this Court after the Court follows certain additional procedures required by the laws of this State</u>." This instruction was incorrect and misleading because it suggested to the jury that additional evidentiary procedures and safeguards existed which were not in effect in Ohio and thereby unconstitutionally increased the risk that the jury would return a verdict of death.

6. Petitioner received ineffective assistance of counsel at the punishment (sentencing) phase of the trial
    A. Lack of basic trial preparation
    B. Lack of knowledge regarding the law in capital litigation as reflected in the presentation of improper jury instructions.
    C. Lack of knowledge regarding the law in capital litigation as reflected during jury selection in the "death qualification" portion of voir dire.

7. The jury which convicted the Petitioner was improperly constituted.

8. Petitioner's conviction and/or sentence are void or voidable because the prosecutor unconstitutionally engaged in misconduct during discovery . . . .

9. Petitioner's conviction and sentence were void or voidable because the trial judge was unaware of the appropriate legal standards . . . .

10. Petitioner's conviction and sentence are void or voidable because his attorney in this matter also represented a prosecution witness during his representation of Petitioner.

>           This actual conflict of interest resulted in ineffective assistance of counsel to Petitioner.
>
> 11.   The state post conviction scheme as applied offered the Petitioner an inadequate corrective process for the factual development, hearing and determination of claims of violation of federal constitutional guarantees.
>
> 12.   Petitioner Webb's conviction and/or sentence are void or voidable because of State induced error, to wit: The State of Ohio, through the State Public Defender's office, impeded the defense of the Petitioner by providing an appallingly inadequate investigation for use by Petitioner's counsel.
>
> 13.   Petitioner Webb's conviction and sentence are void or voidable because of the cumulative effects of the errors and omissions presented in this petition.
>
> 14.   The statutory provisions governing the Ohio capital punishment scheme, as applied to the Petitioner, violate the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.
>
> 15.   Petitioner's conviction and sentence are void or voidable because Ohio retroactively applied a new rule, during appellate review, changing the quantum of proof required for conviction and altering the defense relied upon at trial that "circumstantial evidence used to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilty," in violation of the ex post facto prohibition contained in Article I, § 10 and Due Process guarantees as incorporated in the Fifth and Fourteenth Amendments to the United States Constitution.

(Second Amended Petition, Doc. No. 41.)  In a Report and Recommendations (Doc. No.74 ) and a Supplemental Report and Recommendations (Doc. No. 83), the Magistrate Judge recommended that the Second Amended Petition be denied and dismissed on the merits.  After considering objections,

District Judge Dlott adopted those Reports and Recommendations and dismissed the Second Amended Petition on the merits (Doc. No. 91). A timely Notice of Appeal (Doc. No. 93) and the instant Amended Motion followed.

## Standard for Certificate of Appealability

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949

(6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural
> grounds without reaching the prisoner's underlying constitutional

>claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

>Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id*. at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id*. A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

**Application of the Standard to this Case**

Petitioner seeks a certificate of appealability on nine of the causes of action pled in the Second Amended Petition and has grouped these claims for argument by whether they were decided on procedural grounds or on the merits. This Report respects that grouping, dealing first with the procedural questions.

7

**Claims Denied on Procedural Grounds**

**Second Cause of Action:
Ineffective Assistance of Counsel at the Culpability Phase of Trial**

The Motion lists twenty-six instances of assertedly deficient performance by his trial attorneys at the culpability stage of the trial (Motion, Doc. No. 98, at 24-27). In his Motion for Partial Summary Judgment, Petitioner admitted that this claim was raised for the first time in his petition for post-conviction relief under Ohio Revised Code § 2953.21 and that the state courts found it was barred by the Ohio criminal *res judicata* doctrine (Motion, Doc. No. 20, at 39). The Magistrate Judge recommended that this claim be dismissed on that basis because the Ohio criminal *res judicata* doctrine is an adequate and independent state ground of decision (Report and Recommendations, Doc. No. 35, at 56). Judge Dlott adopted that recommendation (Doc. No. 36).

In substantial part, the Magistrate Judge's conclusion was based on the proposition that a federal habeas corpus court cannot properly reexamine a state court's application of its own procedural doctrine. The correctness of that proposition has been called into question by subsequent Sixth Circuit decisions holding that when the record reveals that the state court's reliance on its own rule of procedural default is misplaced, federal habeas review may not be precluded. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005), *citing Hill v. Mitchell*, 400 F.3d 308 (6th Cir. 2005); *Greer v. Mitchell,* 264 F.3d 663, 675 (6th Cir. 2001). Thus the proposition on which the Magistrate Judge principally relied has now been shown to be debatable among reasonable jurists.

Therefore a certificate of appealability should issue on the question of whether Petitioner procedurally defaulted on his Second Cause of Action.

**Fifth Cause of Action:
Due Process Violated by Unconstitutional Jury Instructions**

In his Fifth Cause of Action, Petitioner cites three instances of assertedly improper jury instructions (Motion, Doc. No. 98, at 30-31). In his Motion for Partial Summary Judgment on procedural default, Petitioner admitted that this claim was not raised on direct appeal and that the state courts enforced a *res judicata* bar when it was first raised on post-conviction. (Motion, Doc. No. 20, at 46.) The Magistrate Judge recommended that this claim be dismissed on procedural default grounds.

Whether a particular jury instruction is or is not erroneous is a question which can be determined from the face of the appellate record; it does not depend on matters *dehors* the record. Petitioner did not make a substantial argument in this Court that the Ohio Court of Appeals misapplied Ohio *res judicata* doctrine in finding this claim barred, so the ground for certificate of appealability applicable to the Second Cause of Action does not apply here. To put it another way, reasonable jurists could not disagree with the Ohio courts' application of *res judicata* doctrine on this claim.

Under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), once a claim is shown to have been procedurally defaulted, a habeas petitioner can still obtain review on the merits if he can show excusing cause and prejudice. Petitioner asserted in his Motion for Partial Summary Judgment and continues to assert now that his procedural default in raising this claim is excused by the ineffective assistance he received from his appellate counsel.

Attorney error amounting to ineffective assistance of counsel can constitute cause, which will excuse a default if there is accompanying prejudice. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.

Ct. 2639, 91 L. Ed. 2d 397 (1985); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996).  However, the ineffective assistance claim cannot be presented as cause if it was procedurally defaulted in the state courts, unless one of the standard excuses for procedural default exists, to wit, miscarriage of justice or cause and prejudice.  *Edwards v. Carpenter,* 529 U.S. 446, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000)*, overruling Carpenter v. Mohr*, C-2-96-447 (S.D. Ohio, 1997), *aff'd.*,  163 F.3d 938 (6th Cir. 1998).  In this case, Petitioner procedurally defaulted in presenting his ineffective assistance of appellate counsel claim by failing to file an application for reopening his direct appeal to raise that issue until nearly five years after the Court of Appeals rendered judgment.  Both the Court of Appeals and the Ohio Supreme Court upheld this procedural default.  *State v. Webb*, 85 Ohio St.3d 365 (1999).

Reasonable jurists would not debate whether the Fifth Cause of Action was procedurally defaulted.  Therefore no certificate of appealability should be granted on this claim.

### Sixth Cause of Action: Ineffective Assistance of Counsel at Sentencing

In his Sixth Cause of Action, Petitioner cites three respects in which he contends his trial counsel provided ineffective assistance at the sentencing phase.[1]  This claim was dismissed on procedural grounds, the Magistrate Judge having concluded that Petitioner procedurally defaulted on this claim by not presenting it on direct appeal.

---

[1] The third of these alleged deficiencies reads "Trial counsel was deficient in that they lacked knowledge regarding the law in capital litigation as reflected during jury selection in the "death qualification" portion of voir dire."

With respect to this claim, reasonable jurists could disagree on whether the Ohio courts misapplied Ohio *res judicata* doctrine and a certificate of appealability should be granted on that question.

## Claims Denied on the Merits

### First and Fourth Causes of Action: Prosecutorial Misconduct

In his First and Fourth Causes of Action, Petitioner asserted that prosecutorial misconduct rendered his trial unfair. The Sixth Circuit has recently reiterated the standard for evaluating claims of prosecutorial misconduct:

> On habeas review, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181, 91 L. Ed. 2d 144, 106 S. Ct. 2464 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 40 L. Ed. 2d 431, 94 S. Ct. 1868 (1974)). "Even if the prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair." Bowling v. Parker, 344 F.3d 487, 512 (6th Cir. 2003). Yet reversal is required if the prosecutor's misconduct is "so pronounced and persistent that it permeates the entire atmosphere of the trial or so gross as probably to prejudice the defendant." Pritchett v. Pitcher, 117 F.3d 959, 964 (6th Cir. 1997); see also Gall v. Parker, 231 F.3d 265, 311 (6th Cir. 2000), overruled on other grounds by, Bowling v. Parker, 344 F.3d 487, 501 n.3 (6th Cir. 2003).
>
> In order to obtain relief, Bates must demonstrate that the prosecution's conduct was both improper and so flagrant as to warrant reversal. Mason v. Mitchell, 320 F.3d 604, 635 (6th Cir. 2003). If this Court finds improper conduct, four factors are considered in determining whether the challenged conduct is flagrant: (1) the likelihood that the remarks of the prosecutor tended to mislead the

11

> jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant. See Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004); Bowling v. Parker, 344 F.3d 487, 512-13 (6th Cir. 2003); Angel v. Overberg, 682 F.2d 605, 608 (6th Cir. 1982) (en banc) (citing United States v. Leon, 534 F.2d 667, 677 (6th Cir. 1976)). Under AEDPA, we are required to give deference to the Tennessee Supreme Court's determination of Bates's prosecutorial misconduct claims. See Macias v. Makowski, 291 F.3d 447, 453-54 (6th Cir. 2002)(noting that habeas relief is only appropriate if there "was an unreasonable application of clearly established federal law"); see also Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004) ("Claims of prosecutorial misconduct are reviewed deferentially on habeas review."). In determining whether prosecutorial misconduct mandates habeas relief, we apply the harmless error standard. Pritchett v. Pitcher, 117 F.3d 959, 964 (6th Cir. 1997). An error is found to be harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 638, 123 L. Ed. 2d 353, 113 S. Ct. 1710 (1993).
>
> In the context of a death penalty sentencing hearing, however, the question of error or effect is more complex than in traditional trials. Rather than determining whether a constitutional error would have pushed a jury from a "not guilty" verdict to a "guilty" verdict, we must attempt to discover whether the constitutional error influenced the jury's decision between life and death.

*Bates v. Bell*, 402 F.3d 635 (6th Cir., 2005).

Applying this standard, this Court found that the Ohio courts' rulings on these claims were neither contrary to nor an unreasonable application of clearly established federal law. The Magistrate Judge continues to adhere to that conclusion. However, evaluation of the whole complex of prosecutorial conduct in light of the trial record as a whole is a question of judgment on which reasonable jurists could differ.

Accordingly, the Petitioner should be granted a certificate of appealability on his First and Fifth Causes of Action.

**Eighth Cause of Action: Brady Violation**

In his Eighth Cause of Action, Petitioner asserted that the prosecution withheld material evidence at trial. The Court denied this claim on the merits because it concluded that the critical fact about this evidence – that one Robert Gambrell could have been a viable suspect in the fire – was known to Petitioner. Although Petitioner testified at the evidentiary hearing that he never mentioned Gambrell to the police because "he didn't come to mind," (Evid. Hrg. Tr. at 167 & 180), the Magistrate Judge finds this self-serving testimony to be unpersuasive. Petitioner's demeanor at the evidentiary hearing led the Magistrate Judge to conclude that Petitioner had successfully manipulated many of the witnesses from his own family in their testimony. Given that, it was not difficult to see his own testimony as carefully crafted.

Nevertheless, there were facts known to the police that were not known to Webb which could arguably add to the materiality of Gambrell's identity as a possible suspect. Determination of a Brady violation is in part a matter of considering all the other evidence in the case. *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995). On that basis, a certificate of appealability should issue on the Eighth Cause of Action.

**Tenth Cause of Action:
Ineffective Assistance of Trial Counsel Due to Actual Conflict of Interest**

In his Tenth Cause of Action, Petitioner asserts his conviction is voidable because one of his trial attorneys, Gary Rosenhoffer, represented one of the prosecution witnesses, James Pursifull. The state courts refused to consider this claim on the merits because of the *res judicata* bar, which

the Magistrate Judge and District Judge Dlott upheld. In addition, Judge Dlott found the claim was meritless as there was no proof of concurrent representation and also no proof of prejudice.

Reasonable jurists would not disagree with these conclusions and therefore Petitioner should not be granted a certificate of appealability on his Tenth Cause of Action.

### Twelfth Cause of Action: Ineffective Assistance at the Mitigation Stage Caused by the State Public Defender's Office

In his Twelfth Cause of Action, Petitioner asserts that the State Public Defender's Office provided completely insufficient assistance in investigating possible mitigation evidence. The Magistrate Judge recommended this claim be dismissed as procedurally defaulted, but Judge Dlott reviewed the claim on the merits.

While the Court remains persuaded that Petitioner did not receive ineffective assistance of counsel at the mitigation stage, the quality of representation which will be adequate in mitigation has divided reasonable jurists at the highest level. *See, e.g., Rompilla v. Beard,* 545 U.S. 374, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005). A certificate of appealability should therefore be issued on the Twelfth Cause of Action.

### Fifteenth Cause of Action: Application of a New Standard of Proof

In his Fifteenth Cause of Action, Petitioner asserted that his rights under the Ex Post Facto and Due Process Clauses were violated when the Ohio Supreme Court applied to his case a changed rule regarding proof required in a criminal case in Ohio.

In *State v. Kulig*, 37 Ohio St. 2d 157, 309 N.E. 2d 897 (1974), the Ohio Supreme Court adopted the proposition that "circumstantial evidence, to support a finding of guilt, must be consistent only with guilt, and inconsistent with any reasonable theory of innocence." In *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991), the Ohio Supreme Court abandoned *Kulig* and adopted the rule that "evidence whether circumstantial or direct, is sufficient if a rational fact-finder could find all essential elements proven beyond a reasonable doubt."

In applying *Jenks* rather than *Kulig* to this case, the Ohio Supreme Court wrote:

> However, *Jones* [*State* v., 67 Ohio St. 2d 244 (1981)] is fatally undercut by *Collins v. Youngblood* (1990), 497 U.S. 37, 110 S. Ct. 2715, 111 L. Ed. 2d 30. *Citing Beazell v, Ohio* (1925), 269 U.S. 167, 46 S. Ct. 68, 70 L. Ed. 216, *Collins* summarized the *Ex Post Facto* Clause as follows: "Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." 497 U.S. at 41, 110 S.Ct. at 2719, III L. Ed. 2d at 39. *Collins* specifically noted that *Beazell* definition omits the reference * * * to alterations in the 'legal rules of evidence.' * * * This language was not intended to prohibit the application of new evidentiary rules in trials for crimes committed before the changes." *Collins*, 497 U.S. at 43, 110 S. Ct. at 2719, 111 L. Ed. 2d at 39, fn. 3.
>
> Retroactive application of *Jenks* "does not punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission; nor deprive one charged with crime of any defense available according to law at the time when the act was committed." *Collins*, 497 U.S. at 52, 110 S. Ct. at 2724, 111 L. Ed. 2d at 45. *Jenks* changed only the "evidentiary standard," *Jones*, 67 Ohio St. 2d at 248, 21 Ohio Op. 3d at 155, 423 N.E. 2d at 449, and *Collins* establishes that new evidentiary rules may be applied retroactively. Therefore, a rule changing the quantum of proof required for conviction may be applied to trials of crimes committed before the rule was announced, without violating the *Ex Post Facto* Clause. To the extent *Jones* holds the contrary, we overrule it.

*State v. Webb*, 70 Ohio St. 3d 325, 330-332, 638 N.E. 2d 1023, 1029-1030 (1994).

In the Report and Recommendations on the Merits, the Magistrate Judge concluded this was not an unreasonable application of clearly established law on the Ex Post Facto Clause and in fact "[p]etitioner offers no argument to demonstrate this decision of the state court is contrary to or an unreasonable application of clearly established federal law." (Report and Recommendations, Doc. No. 74, at 40.)

In the instant Motion, Petitioner does not claim that this Court's analysis under the Ex post Facto Clause is debatable among reasonable jurists. Instead, he claims "The R&R did not discuss the Due Process implications of such a change in the law." (Motion, Doc. No. 98, at 19.) However, in the Supplemental Report and Recommendations, the Due Process argument was discussed at length (Doc. No. 83 at 11-17). It is there noted that the Ohio Supreme Court had also decided this question and had applied the relevant United States Supreme Court law. The Supplemental Report and Recommendations has now been adopted by Judge Dlott in granting final judgment to the Respondent (Order, Doc. No. 91).

The Magistrate Judge remains persuaded of the correctness of the prior holdings. The key analogous Supreme Court case is Tennessee's elimination of the common law year-and-a-day rule in murder cases discussed in *Rogers v. Tennessee*, 532 U.S. 451 (2001). If elimination of that rule by a state supreme court on appeal does not violate the Due Process Clause, it is difficult to see how reasonable jurists could believe elimination of *Kulig* – which is much further from an element of the crime than the year-and-a-day rule is – could be unconstitutional. No certificate of appealability should issue on the Fifteenth Cause of Action.

**Conclusion**

In accordance with the foregoing analysis, a certificate of appealability should issue on the First, Second, Fourth, Sixth, Eighth, and Twelfth Causes of Action and should not issue on the Fifth, Tenth, and Fifteenth Causes of Action.

July 6, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).